402 F.3d 1356
 FAG ITALIA S.P.A., and FAG Bearings Corporation, Plaintiffs-Appellees, and
SKF USA Inc. and SKF Industrie S.P.A., Plaintiffs,
v.
United States, Defendant-Appellant, and
The Torrington Company (now known as Timken U.S. Corporation), Defendant-Appellant.
FAG Kugelfischer Georg Schafer AG and FAG Bearings Corporation, Plaintiffs-Appellees, and
SKF USA Inc. and SKF GmbH, Plaintiffs, and
NTN Bearing Corporation of America and NTN Kugellagerfabrik (Deutschland) GmbH, Plaintiffs, and
INA Walzlager Schaeffler KG (now known as INA Walzlager Schaeffler oHG) and INA Bearings Company, Inc. (now known as INA USA Corporation), Plaintiffs-Appellees,
v.
United States, Defendant-Appellant, and
The Torrington Company (now known as Timken U.S. Corporation), Defendant-Appellant.
NTN Bearing Corporation of America and NTN Kugellagerfabrik (Deutschland) GmbH, Plaintiffs, and
SKF USA Inc. and SKF GmbH, Plaintiffs, and
FAG Kugelfischer Georg Schafer AG and FAG Bearings Corporation, Plaintiffs-Appellees, and
INA Walzlager Schaeffler KG (now known as INA Walzlager Schaeffler oHG) and INA Bearings Company, Inc. (now known as INA USA Corporation), Plaintiffs-Appellees,
v.
United States, Defendant-Appellant, and
The Torrington Company (now known as Timken U.S. Corporation), Defendant-Appellant.
 No. 02-1091.
 No. 02-1093.
 No. 02-1096.
 No. 02-1099.
 No. 02-1180.
 No. 02-1181.
 United States Court of Appeals, Federal Circuit.
 April 6, 2005.
 
 Max F. Schutzman, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, New York, argued for plaintiffs-appellees FAG Kugelfischer Georg Schafer AG, et al. With him on the brief was Adam M. Dambrov. Of counsel were Jeffrey S. Grimson, Mark E. Pardo, of Washington, DC, and Andrew B. Schroth, of New York, New York.
 Stephen L. Gibson, Sonnenschein Nath & Rosenthal LLP, of Washington, DC, argued for plaintiffs-appellees INA Walzlager Schaeffler KG (now known as INA Walzlager Schaeffler oHG, et al).
 Geert M. De Prest, Stewart and Stewart, of Washington, DC, argued for defendant-appellant The Torrington Company, etc. With him on the brief were Terence P. Stewart, William A. Fennell, and Lane S. Hurewitz. Of counsel was Wesley K. Caine.
 Stephen C. Tosini, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant United States. On the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Jeanne E. Davidson, Deputy Director; and Michael D. Panzera, Attorney. Of counsel on the brief was Philip Curtin, Attorney, Office of Chief Counsel for Import Administration, United States Department of Commerce, of Washington, DC. Of counsel were Ada E. Bosque, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice; and John D. McInerney, Berniece A. Browne, and David R. Mason, Attorneys, United States Department of Commerce, of Washington, DC.
 Before CLEVENGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 CLEVENGER, Circuit Judge.
 
 
 1
 In this consolidated appeal, the United States and The Torrington Company appeal the decision of the United States Court of International Trade that the Department of Commerce is statutorily required to include imputed credit and inventory carrying expenses in "total expenses" when imputed expenses are included in "total United States expenses" for the purpose of calculating constructed export price profit.
 
 
 2
 The relevant facts in these cases are materially indistinguishable from those in SNR Roulements v. United States, Nos. 01-1327, -1341, 402 F.3d 1358 (Fed.Cir. 2005). As more fully described in SNR, the Court of International Trade erroneously interpreted 19 U.S.C. § 1677a as not permitting Commerce to use actual expenses instead of imputed expenses to account for credit and inventory carrying costs when determining "total expenses."
 
 
 3
 As in SNR, we reverse the decision of that court and remand the cases with the instruction that Plaintiffs be provided an opportunity to make a showing that their dumping margins were wrongly determined because Commerce's use of actual expenses did not account for U.S. credit and inventory carrying costs in the calculation of total expenses.
 
 COSTS
 
 4
 No costs.
 
 
 REVERSE AND REMAND