**Slip Op. 05-141**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
NTN BEARING CORPORATION OF AMERICA and  :
NTN KUGELLAGERFABRIK (DEUTSCHLAND) GmbH; :
SKF USA INC. and SKF GmbH;              :
FAG KUGELFISCHER GEORG SCHAFER AG and   :
FAG BEARINGS CORPORATION,               :
                                        :
            Plaintiffs and              :
            Defendant-Intervenors,      :
                                        :
            and                         :
                                        :
INA WALZLAGER SCHAEFFLER oHG and        :   Consol. Court No.
INA BEARING COMPANY, INC.,              :      97-01800
                                        :
            Plaintiffs,                 :
        v.                              :
                                        :
UNITED STATES,                          :
                                        :
            Defendant,                  :
                                        :
            and                         :
                                        :
THE TORRINGTON COMPANY,                 :
                                        :
            Defendant-Intervenor        :
            and Plaintiff.              :
_____:


## Judgment

This matter comes before the Court pursuant to the decision of the Court of Appeals for the Federal Circuit ("CAFC") in NTN Bearing Corp. Am. v. United States, 402 F.3d 1356 (Fed. Cir. 2005) and the CAFC's mandate of May 31, 2005, reversing and remanding the judgment of the Court in NTN Bearing Corp. Am. v. United States, 25 CIT 664, 155 F. Supp. 2d 715 (2001) and NTN Bearing Corp. Am. v. United States, 25 CIT 1274 (affirming remand results submitted pursuant to NTN Bearing Corp. Am., 25 CIT 664, 155 F. Supp. 2d

715).[1]  Based on the CAFC's decision, the Court remanded this matter to the United States Department of Commerce ("Commerce"). Commerce was instructed to allow INA Walzlager Schaeffler oHG and INA Bearing Company, Inc. (collectively "INA") an opportunity to demonstrate that their antidumping duty margins were incorrectly determined because Commerce's use of actual expenses did not account for United States credit and inventory carrying costs in the calculation of total expenses.  See Order (July 7, 2005). Commerce filed its Final Results of Redetermination Pursuant to Court Remands ("Remand Results") on October 5, 2005.  Pursuant to the Court's remand, Commerce invited INA to show that their dumping margins had been incorrectly determined.  See Remand Results at 3. INA, however, failed to respond to Commerce's invitation.  See id. at 3-4.

Commerce determined INA's antidumping duty margins, some which differed slightly from previously determined margins in response to earlier remands from the Court.  See id. at 4-5.  Accordingly, INA's weighted-average percentage margins for the period of May 1, 1994, through April 30, 1995, is 19.43 percent for ball bearings and parts thereof and 18.31 percent for cylindrical roller bearings and parts thereof.  INA's weighted-average percentage margins for the period of  May 1, 1995, through April 30, 1996, is 44.53 percent for ball bearings and parts thereof, 20.09 percent for cylindrical roller bearings and parts thereof and 28.62 percent for spherical roller bearings and parts thereof.

This Court, having received and reviewed Commerce's Remand Results, holds that Commerce duly complied with the Court's remand order and it is hereby

**ORDERED** that Commerce's Remand Results are reasonable, supported by substantial evidence, and is otherwise in accordance with law; and it is further

---

[1]    The Torrington Company was acquired by the Timken Company in 2003, and is now known as Timken U.S. Corporation.  INA Walzlager Schaeffler oHG is now known as INA Walzlager Schaeffler HG and INA Bearing Company, Inc. is now known as INA USA Corporation.

   **ORDERED** that the <u>Remand Results</u> filed by Commerce on October 5, 2005, are affirmed in their entirety; and it is further

   **ORDERED** that since all other issues have been decided, this case is dismissed.


                                         <u>/s/ Nicholas Tsoucalas</u>
                                            NICHOLAS TSOUCALAS
                                               SENIOR JUDGE


Dated:    October 28, 2005
          New York, New York