**Slip Op. 05-143**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

| | | |
|---|---|---|
| _____ | : | |
| FAG KUGELFISCHER GEORG SCHAFER AG, | : | |
| FAG BEARINGS CORPORATION, SKF USA Inc., | : | |
| SKF GmbH, NTN BEARING CORPORATION OF | : | |
| AMERICA, NTN KUGELLAGERFABRIK | : | |
| (DEUTSCHLAND) GmbH, INA WALZLAGER | : | |
| SCHAEFFLER KG and | : | |
| INA BEARING COMPANY, INC., | : | |
| | : | |
| Plaintiffs and | : | |
| Defendant-Intervenors, | : | Consol. Court No. |
| | : | 97-00260 |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| THE TORRINGTON COMPANY, | : | |
| | : | |
| Defendant-Intervenor | : | |
| and Plaintiff. | : | |
| _____ | : | |

## Judgment

This matter comes before the Court pursuant to the decision of the Court of Appeals for the Federal Circuit ("CAFC") in <u>FAG Kugelfischer Georg Schafer AG v. United States</u>, 402 F.3d 1356 (Fed. Cir. 2005) and the CAFC's mandate dated May 31, 2005, reversing and remanding the judgment of the Court in <u>FAG Kugelfischer Georg Schafer AG v. United States</u>, 25 CIT 74, 131 F. Supp. 2d 104 (2001) and <u>FAG Kugelfischer Georg Schafer AG v. United States</u>, 25 CIT 1038 (2001) (affirming remand results submitted pursuant to <u>FAG Kugelfischer Georg Schafer AG</u>, 25 CIT 74, 131 F. Supp. 2d 104).[1] Based on the CAFC's decision, the Court remanded this matter to the

_____

[1] The Torrington Company was acquired by the Timken Company in 2003, and is now known as Timken U.S. Corporation. INA Walzlager Schaeffler KG is now known as INA Walzlager Schaeffler HG and INA Bearing Company, Inc. is now known as INA USA Corporation.

United States Department of Commerce ("Commerce"). Commerce was instructed to allow FAG Kugelfischer Georg Schafer AG and FAG Bearings Corporation (collectively, "FAG Germany") an opportunity to demonstrate that its antidumping duty margin was incorrectly determined because Commerce's use of actual expenses did not account for United States credit and inventory carrying costs in the calculation of total expenses. See Order (July 7, 2005). Commerce filed its <u>Final Results of Redetermination Pursuant to Court Remands</u> ("Remand Results") on October 5, 2005. Pursuant to the Court's remand, Commerce invited FAG Germany to show that its dumping margin had been incorrectly determined. See <u>Remand Results</u> at 3. FAG Germany, however, failed to respond to Commerce's invitation. See <u>id.</u> at 3-4.

Commerce determined FAG Germany's antidumping duty margins, some which differed slightly from previously determined margins in response to earlier remands from the Court. See <u>id.</u> at 4-5. FAG Germany's weighted-average percentage margins for the period of May 1, 1994, through April 30, 1995, is 13.42 percent for ball bearings and parts thereof, 22.59 percent for cylindrical roller bearings and parts thereof and 12.08 percent for spherical roller bearings and parts thereof.

This Court, having received and reviewed Commerce's <u>Remand Results</u>, holds that Commerce duly complied with the Court's remand order and it is hereby

**ORDERED** that Commerce's <u>Remand Results</u> are reasonable, supported by substantial evidence, and is otherwise in accordance with law; and it is further

**ORDERED** that the <u>Remand Results</u> filed by Commerce on October 5, 2005, are affirmed in their entirety; and it is further

**ORDERED** that since all other issues have been decided, this case is dismissed.

                                          ___/s/ Nicholas Tsoucalas___
                                              NICHOLAS TSOUCALAS
                                                SENIOR JUDGE

Dated:     November 4, 2005
           New York, New York